UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Eswari Achanta, | Case No. 17-50019 |
|     Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Suneetha Nallaballi, | Adversary Proceeding No. 17-4719-PJS |
|     Plaintiff, | |
| v. | |
| Eswari Achanta, | |
|     Defendant. | |
| _____/ | |

### **OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

### Introduction

In this adversary proceeding, the plaintiff requests a determination of a nondischargeable debt. The defendant has filed a motion to dismiss the adversary proceeding. For the reasons explained in this opinion, the Court will grant the motion.

## Jurisdiction

This adversary proceeding is brought under § 523(a)(4) of the Bankruptcy Code. The Court has jurisdiction over it pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## Facts

The following facts are not in dispute and are all taken from the Court file.

On July 11, 2017, Eswari Achanta ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On October 13, 2017, Suneetha Nallaballi ("Plaintiff") started this adversary proceeding by filing a complaint requesting entry of a nondischargeable money judgment against the Debtor for an alleged debt that arose out of the Plaintiff's and the Debtor's involvement with GMGT Technologies, Inc. ("GMGT"). GMGT, now defunct, was a Michigan corporation formed in 2009 that provided software development, consulting and related services.

On December 8, 2017, the Plaintiff filed a first amended complaint ("Amended Complaint"). The Amended Complaint contains one count that seeks a money judgment for a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code. The Amended Complaint alleges that: the Plaintiff and the Debtor were shareholders of GMGT; the Debtor was the manager ("Manager") of GMGT under an operating

agreement ("Operating Agreement") for GMGT made on February 1, 2009; the Debtor owed a fiduciary duty to the Plaintiff because of her relationship as a fellow shareholder and because of her position as Manager; the Debtor breached her fiduciary duty by knowingly making unjustified distributions to herself from GMGT and failing to make distributions to the Plaintiff; and the Debtor's conduct "constituted a defalcation and misappropriation of the funds that were entrusted to her charge in direct harm to Plaintiff."

On December 22, 2017, the Debtor filed a motion ("Motion") to dismiss the Amended Complaint. The Debtor makes three arguments in the Motion. First, the Amended Complaint fails to state a claim for relief under § 523(a)(4) because it does not allege the existence of a trust, or that the Debtor ever held any funds in trust for the Plaintiff, as required to prove a fiduciary capacity for purposes of § 523(a)(4). Second, to the extent that the Debtor did owe any fiduciary duty, the Debtor owed such duty to GMGT, not to the Plaintiff, and therefore the Plaintiff lacks standing to claim damages from any breach of such duty. Third, the claims alleged in the Amended Complaint are based on Michigan law and are all time barred by applicable statutes of limitations in Michigan.

The Plaintiff filed a response to the Motion, the Debtor filed a reply and the Court held a hearing. The Motion is now ready for decision.

## Standard of Review

The Debtor brings her motion under Fed. R. Civ. P. 12(b)(6), incorporated in this adversary proceeding by Fed. R. Bankr. P. 7012.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 546. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, "[t]he court must construe the complaint in the light most favorable to the plaintiff [and] accept all the factual allegations as true . . . . A court may not

grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001) (citations omitted). In ruling on a motion to dismiss, "[t]he court 'consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference . . . .'" Ohio Public Employees Retirement System v. Fed. Home Loan Mortgage Corp., 830 F.3d 376, 383 (6th Cir. 2016) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## **Discussion**

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." Out of the three alternative grounds for nondischargeability under § 523(a)(4), the Amended Complaint alleges only that the Debtor committed fraud or defalcation while acting in a fiduciary capacity. The Sixth Circuit Court of Appeals holds that fraud or defalcation while acting in a fiduciary capacity for purposes of § 523(a)(4) requires that a plaintiff prove a preexisting fiduciary relationship in the form of an express trust or technical trust, that there has been a breach of that fiduciary relationship and a resulting loss. Patel v. Shamrock Floorcovering Services, Inc. (In re Patel), 565 F.3d 963, 968 (6th Cir. 2009). "'Fiduciary capacity'–for section 523(a)(4) purposes–is narrowly defined: '[i]t does not apply to someone who merely fails to meet an

obligation under a common law fiduciary relationship.'" Ritter v. Smith (In re Smith), 517 B.R. 793, 799 (Bankr. E.D. Mich. 2014) (quoting Bd. of Trustees of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci), 493 F.3d 635, 639 (6th Cir. 2007)). Instead, § 523(a)(4) requires "'an express or technical trust relationship arising from placement of a specific res in the hands of the debtor.'" Id. (quoting In re Bucci, 493 F.3d at 639). To establish the existence of an express trust for purposes of § 523(a)(4), the plaintiff "must demonstrate '(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary.'" In re Patel, 565 F.3d at 968 (quoting Commonwealth Land Title Co. v. Blaszak (In re Blaszak), 397 F.3d 386, 391-92 (6th Cir. 2005)).

Although the determination of whether a fiduciary relationship for purposes of § 523(a)(4) exists is a matter of federal law, the creation of a trust is a matter of state law. Digital Commerce, Ltd. v. Sullivan (In re Sullivan), 305 B.R. 809, 825 (Bankr. W.D. Mich. 2004) (citing Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.), 760 F.2d 121, 124 (6th Cir. 1985)). Without an existing, express or technical trust recognized under state law, there can be no non-dischargeable debt under § 523(a)(4).

Under Michigan law, the creation of a trust does not require any particular form of words. Nash v. Duncan Park Comm'n, 848 N.W.3d 435, 447 (Mich. Ct. App.

2014) (citing Brooks v. Gillow, 89 N.W.2d 457, 462 (Mich. 1958)). However, it does require "'an explicit declaration of trust, accompanied by a transfer of property to one for the benefit of another.'" In re Young, 468 B.R. 818, 826 (Bankr. E.D. Mich. 2012) (quoting Osius v. Dingell, 134 N.W.2d 657, 660 (Mich. 1965)).

The Amended Complaint does not use the word "trust." Instead, it alleges that funds were "entrusted" to the Debtor and a fiduciary relationship was created based on two facts. First, the Debtor and the Plaintiff were "fellow shareholders," and second, the Debtor was the Manager of GMGT under the Operating Agreement. The Amended Complaint alleges that, by reason of these two facts, the Debtor held any profits of GMGT as a fiduciary and owed the Plaintiff a duty to distribute to the Plaintiff her share of the profits in accordance with the terms of the Operating Agreement.

Under Michigan law, an individual's status as a corporate shareholder or officer does not create a trust with respect to assets of the corporation. Michigan Web Press, Inc. v. Wilcox (In re Wilcox), 310 B.R. 689, 696-97 (Bankr. E.D. Mich. 2004). Further, even though corporate officers and directors do owe fiduciary duties to their corporation, "Michigan law does not mandate that officers and directors are trustees with respect to corporate assets." In re Smith, 517 B.R. at 799 (quoting In re Sullivan, 305 B.R. at 825). The fact that the Debtor was a "fellow shareholder" of GMGT

along with the Plaintiff does not establish a trust under Michigan law and does not plausibly suggest a valid § 523(a)(4) claim against the Debtor.

The Debtor's position as Manager under the Operating Agreement requires more consideration. The Amended Complaint identifies six separate provisions in the Operating Agreement in support of the Plaintiff's contention that the Debtor's position as Manager of GMGT created a trust relationship: §§ 2.3, 2.4, 4.1, 4.2, 5.4 and 7.1. Section 2.3 requires the Manager to provide financial reports to GMGT's shareholders. Section 2.4 requires the maintenance of separate capital accounts for each shareholder. Section 4.1 allocates profits and losses among the shareholders. Section 4.2 permits the Manager to make distributions to shareholders from time to time if the Manager determines that GMGT has sufficient cash to do so after paying all its bills. Section 5.4 allocates the shares of GMGT, including 1/3 to the Plaintiff and 1/3 to the Debtor. Section 7.1 provides that GMGT shall be managed by the Manager. The Amended Complaint alleges that the Debtor violated these provisions by failing to provide the Plaintiff with the financial information required by Section 2.3 and by making a distribution to herself under Section 4.2 without paying the Plaintiff an equal distribution.

As it must, for purposes of the Motion, the Court accepts all of the Amended Complaint's factual allegations as true. They establish that the Debtor, as the

Manager of GMGT, breached the Operating Agreement by failing to provide the Plaintiff with the financial information as required by Section 2.3 and by failing to distribute the Plaintiff's share of the profits of GMGT as required by Section 4.2. But neither these allegations, nor anything else in the Operating Agreement, establish an intention to create a trust, a transfer of property to one to hold for the benefit of another, or a definite beneficiary. To be sure, if taken as true, the allegations in the Amended Complaint establish that the Plaintiff and the Debtor entered into a contract regarding the management of GMGT, and a breach of that contract by the Debtor as the Manager of GMGT. But those facts are not sufficient to create a trust under Michigan law or establish a preexisting express trust for purposes of § 523(a)(4).[1] The facts alleged in the Amended Complaint do not plausibly suggest a valid claim for a nondischargeable debt under § 523(a)(4). Accordingly, the Court will grant the Motion.

---

[1] At most, the Amended Complaint could arguably be read as alleging that a trust arose when the Debtor diverted GMGT's profits and revenue. However, the Supreme Court and Sixth Circuit Court of Appeals have been very clear in holding that a *preexisting* trust is required under § 523(a)(4)'s exception to discharge. "It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the [debtor] has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto." Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934). Section 523(a)(4) applies "only to a debt created by a person who was already a fiduciary when the debt was created." Id. (quotation marks and citation omitted); see also In re Bucci, 493 F.3d at 761 ("An alleged trustee must have fiduciary duties that preexist the incident creating the contested debt and apart from it. It is not enough that the trust relationship spring from the act from which the debt arose.") (quotation marks and citation omitted).

-9-

17-04719-pjs    Doc 26    Filed 03/07/18    Entered 03/07/18 11:18:29    Page 9 of 10

Because the Amended Complaint does not state a claim upon which relief can be granted under § 523(a)(4), it is unnecessary for the Court to reach the Debtor's two other arguments for dismissal made in the Motion.

The Court will enter a separate order consistent with this opinion.

**Signed on March 07, 2018**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**